UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERRY D. POUGH,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00191-MMD-VPC<br><br>ORDER |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jerry D. Pough, a Nevada prisoner. On April 30, 2018, Pough initiated this action by filing an application to proceed *in forma pauperis* (ECF No. 1), along with his habeas corpus petition (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5 and 1-6), and a motion for leave of court to file excess pages (ECF No. 1-7).

The financial information provided with Pough's application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. The application to proceed *in forma pauperis* will be granted. Pough will not be required to pay the filing fee.

The Court has reviewed Pough's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Pough's petition is not on the form required by this Court. *See* LSR 3-1 ("A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this court."). Moreover, the petition is some 508 pages long, with

much of it being incomprehensible, and much of it plainly unnecessary and improperly included in the petition. The Court will order the petition served upon the respondents, and will require the respondents to appear but will not require the respondents to respond to this petition.

Pough filed with his petition a motion for leave of court to file excess pages (ECF No. 1-7), requesting permission to file his 508-page petition. The Court will deny that motion. A petition of this length is unwarranted in this case. Furthermore, again, the petition was not drafted using the form required by this Court for *pro se* habeas petitions.

The Court will *sua sponte* appoint counsel to represent Pough in this case. While state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation, the court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The interests of justice weigh in favor of appointment of counsel for Pough in this case.

It is therefore ordered that petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted. Petitioner is granted leave to proceed *in forma pauperis*. Petitioner will not be required to pay the filing fee for this action.

It is further ordered that petitioner's Motion for Leave of Court (ECF No. 1-7) is denied.

It is further ordered that the Clerk of the Court is directed to add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk of the Court is to electronically serve upon respondents a copy of the petition for writ of habeas corpus (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5 and 1-6), and a copy of this order.

///

///

It is further ordered that respondents will have twenty (20) days from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5 and 1-6).

It is further ordered that the FPD will have twenty (20) days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent the petitioner in this case.

It is further ordered that the Court will establish a schedule for further proceedings in this action after counsel appears for the petitioner and the respondents.

DATED THIS 8th day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE