UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERRY D. POUGH,<br><br>               Petitioner,<br><br>   v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>               Respondents. | Case No. 3:18-cv-00191-MMD-VPC<br><br>ORDER |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jerry D. Pough, a Nevada prisoner. Pough initiated this action, *pro* se, on April 30, 2018. On May 8, 2018, the Court granted Pough's application to proceed *in forma pauperis*, screened Pough's petition and ordered it served on respondents, appointed counsel for Pough (the Federal Public Defender for the District of Nevada (FPD)), set a deadline for the appearance of respondents, and set a deadline for appearance of Pough's counsel. *See* Order entered May 8, 2018 (ECF No. 3). Respondents appeared on May 11, 2018 (ECF No. 4). Pough's counsel appeared on May 29, 2018 (ECF No. 5).

On May 29, 2018, the Court also received from Pough, for filing, a *pro se* motion for preliminary injunction (ECF No. 6). As Pough is now represented by counsel, he must appear and act in this case through his counsel. *See* LR IA 11-6(a) ("A party who has appeared by attorney cannot while so represented appear or act in the case."). The Court will deny this *pro se* motion on that ground.

///

1

The Court notes that, in the motion for preliminary injunction, Pough contends that his ability to proceed with this case, *pro se*, has been undermined by the conditions of his confinement. The appointment of counsel for Pough should remedy this. To the extent that Pough wishes to seek any further remedy with regard to the conditions of his confinement, he must initiate a separate civil rights action, pursuant to 42 U.S.C. § 1983.

It is therefore ordered that petitioner's Motion for Preliminary Injunction (ECF No. 6) is denied.

It is further ordered that the following schedule will govern further proceedings in this action:

Amended Petition. If necessary, petitioner must file and serve an amended petition for writ of habeas corpus within ninety (90) days after entry of this order. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If petitioner determines that an amended petition need not be filed, then, within ninety (90) days after entry of this order, petitioner must file and serve a notice to that effect.

Response to Petition. Respondents have sixty (60) days following service of the amended petition to file and serve an answer or other response to the amended petition. If petitioner does not file an amended petition, respondents have sixty (60) days following the due-date for the amended petition to file and serve an answer or other response to petitioner's petition.

Reply. Petitioner has forty-five (45) days following service of an answer to file and serve a reply. Respondents thereafter have thirty (30) days following service of a reply to file and serve a response to the reply.

Briefing of Motion to Dismiss. If respondents file a motion to dismiss, petitioner has sixty (60) days following service of the motion to file and serve a response to the motion. Respondents thereafter have thirty (30) days following service of the response to file and serve a reply.

Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner must file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner has twenty (20) days to file and serve a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner has twenty (20) days to file and serve a reply in support of the motion for an evidentiary hearing.

DATED THIS 11th day of June 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE