UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERRY D. POUGH,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00191-MMD-CLB<br><br>ORDER |

In this habeas corpus action, Respondents have filed an answer (ECF No. 32) responding to Petitioner Jerry D. Pough's amended habeas petition (ECF No. 23), and Pough has filed a reply (ECF No. 44). Therefore, this case is before the Court for adjudication of Pough's claims on their merits. But the Court has examined the pleadings and determines that expansion of the record is warranted.

A court entertaining a federal habeas petition "may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), Rules Governing Section 2254 Cases.

Focusing on Ground 2 of Pough's amended petition, it is unclear whether all relevant evidence has been placed in the record in this case. More specifically, it is unclear whether Respondents have included in the record all evidence that was before the justice court or the state district court regarding Pough's mental health. This includes, without limitation, reports of any experts, mental health records, reports from Lake's Crossing, etc.

It is therefore ordered that Respondents must expand the record by filing as exhibits all such material that has not yet been filed in this case. As this material would

include information about Pough's mental health, it must be filed under seal. (*See* ECF No. 26 (order granting leave to file mental health records under seal).)

It is further ordered that Respondents need not refile any items already filed by either party. (*See* ECF Nos. 25, 33, 34, 35, 36.)

It is further ordered that, if Respondents believe that any evidence regarding Pough's mental health was before the justice court or the state district court but is not available to be filed in this action, Respondents must file a notice identifying the evidence and explaining why it is unavailable for filing in this action.

It is further ordered that, if Respondents believe all such material has already been filed, they must file a notice stating that.

It is further ordered that Respondents may also file a supplement to their answer, incorporating any newly-filed exhibits into their answer. Respondents' filings under this order will be due within 60 days from the date of this order. Pough will then have 30 days to file a supplement to his Reply, responding to Respondents' filings and incorporating into his briefing any newly-filed exhibits.

DATED THIS 19th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE